UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**METROPOLITAN PROPERTY CASUALTY INSURANCE COMPANY,**
    Plaintiff,

v.

**MARJARI WRIGHT,
as Administrator of the Estate of Caden Parker Goldthwaite, Deceased; JOSH WRIGHT, an Individual; and MARJARI F. WRIGHT, an individual;**
    Defendants.

**Case No. 1:21-cv-1335-CLM**

## MEMORANDUM OPINION

Metropolitan Property Casualty Insurance Company ("Metropolitan") asked the court to grant summary judgment (doc. 8) in its favor on its claim against the Wrights (doc. 1) and on the Wrights' counterclaim (doc. 2). Based on the summary judgment briefing—including the parties' stipulations—the court will rule as follows:

- The court will **GRANT** Metropolitan's motion for summary judgment on its claim based solely on the language of the insurance policy in this case. (Docs. 8, 14.)

- The court will **DISMISS without prejudice** the Wrights' counterclaim. (Doc. 2.)

- The court will **DECLARE** that Metropolitan need not provide underinsured motorist benefits to the Wrights based on the specific language of Exclusion E and the definition of the word "Relative" in the Wrights' insurance policy with Metropolitan.

1

## BACKGROUND

In April 2021, while driving his motorcycle, Caden Parker Goldthwaite was involved in an automobile accident that caused his death. (Doc. 1, ¶ 6.) Besides owning his motorcycle, Goldthwaite also owned an automobile available for his regular use that was insured for uninsured or underinsured motorists coverage on a primary basis under a policy with Progressive Specialty Insurance Company ("Progressive"). Goldthwaite was the named insured on this policy. (Doc. 8-1, Ex. 1, ¶ 8.)

At the time of the accident, Goldthwaite lived with his mother, Marjari Wright, and his stepfather, Josh Wright. (Doc. 1 ¶¶ 5–6.) The Wrights had an active automobile insurance policy with Metropolitan that included uninsured/underinsured motorists coverage. (*Id.* ¶ 5.) Following Goldthwaite's accident, the Wrights presented a claim to Metropolitan under their policy for underinsured motorist benefits on behalf of the Estate of Caden Parker Goldthwaite. (*Id.* ¶ 6.) Metropolitan filed this action, asking the court to issue a declaratory judgment, specifying that Metropolitan does not have any liability to the Wrights under their insurance policy for this incident. (Doc. 1.) Then the Wrights filed a counterclaim, asking the court to find that they have a right to recover under the policy because the exclusion in the insurance policy at issue is void and unenforceable in violation of public policy and Alabama law. (Doc. 2.)

## STANDARD OF REVIEW

In considering cross-motions for summary judgment, the court views the facts "in the light most favorable to the non-moving party on each motion." *See Chavez v. Mercantile Commercebank, N.A.*, 701 F.3d 896, 899 (11th Cir. 2012). Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

### I. Metropolitan's Claim

When an insurance contract states its clear intention, the court must enforce the policy as written. *Nationwide Ins. Co. v. Hall*, 643 So. 2d 551, 558 (Ala. 1994). The Metropolitan policy at issue provides for uninsured/underinsured motorists coverage for the "named insured(s), the spouse of the named insured(s), or a relative." (Doc. 8-1, Ex. 1, ¶ 4). But Exclusion E of the policy specifically excludes coverage for "a **relative** who owns, leases or has available for their regular use, an **auto** which is insured for uninsured or underinsured motorists coverage on a primary basis under any other policy." (Doc. 8-1, Ex. 2, p. 27, emphasis in original.)

The parties agree that: (1) that Goldthwaite—as the son/stepson of the insured—was not a named insured under the policy; (2) that Goldthwaite owned the motorcycle that he was driving at the time of the accident; and (3) that Goldthwaite owned an automobile (other than the motorcycle) that was insured for uninsured or underinsured motorists coverage with Progressive.

After reviewing applicable case law, the Wrights acknowledged that the law does not support their position that Metropolitan's policy exclusion is unenforceable or void under Alabama law. (doc. 13). The Wrights thus agree that the court must grant summary judgment for Metropolitan because of the specific language of Exclusion E and the definition of the word "Relative" in the Wrights' insurance policy.

### II. The Wrights' Counterclaim

In response to Metropolitan's motion for summary judgment, the Wrights voluntarily asked the court to dismiss their counterclaim without prejudice (doc. 13). Metropolitan agreed (doc. 14).

## CONCLUSION

For these reasons, the court will enter a separate order that **GRANTS** Metropolitan's motion for summary judgment on its claim (docs. 8); **DISMISSES without prejudice** the Wrights' counterclaim (doc. 2); and **DECLARES** that Metropolitan need not provide underinsured motorist benefits to the Wrights based on the specific language of Exclusion E and the definition of the word "Relative" in the Wrights' insurance policy with Metropolitan.

**Done** on March 7, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE